[Crim. No. 17180. Second Dist., Div. Four. Apr. 23, 1970.]

In re DONNA G., a Person Coming Under the Juvenile Court Law.
KENNETH E. KIRKPATRICK, as Probation Officer, etc.,
Plaintiff and Respondent, v.
DONNA G., Defendant and Appellant.

892

## COUNSEL

Richard S. Buckley, Public Defender, James L. McCormick, Kathryn J. McDonald, and Edward A. Germain, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The order herein under review is the latest in a 30-month history of petitioner's problems before the juvenile court.[1] She was first before the court as a runaway from home in the fall of 1966. At that time, she was found to be a dependent child under subdivision (a) of section 600 of the Welfare and Institutions Code.[2] Those proceedings

---

[1]The formal record on appeal did not contain the full record of the case in the juvenile court. Accordingly we have augmented the record by an examination of the superior court file. The facts hereinafter set forth are gleaned from our examination of that file.

[2]Section 600 of the Welfare and Institutions Code reads as follows: "Any person under the age of 21 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court:

"(a) Who is in need of proper and effective parental care or control and has no

resulted, ultimately, in her being returned to the custody of her parents subject to the supervision of the probation officer. There followed a history of truancy, runaways, sexual delinquency, involvement in petty theft, intoxication and possible drug usage. Eventually, after an order making her a ward of the court under section 601 of the code,[3] a petition was filed, seeking an adjudication that she was subject to section 602.[4] That petition was sustained, but she was retained in her parental home. Ultimately, the petition herein involved was filed, purportedly pursuant to section 777 of the code,[5] alleging that "The previous disposition by this court has not been effective in the rehabilitation of minor, in that: On or about February 27, 1969, at 3198 Glenrose Avenue, Altadena, County of Los Angeles, minor was found in an intoxicated-like condition." After appropriate hearings, an order was made committing the minor to the Youth Authority.

parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control.

"(b) Who is destitute, or who is not provided with the necessities of life, or who is not provided with a home or suitable place of abode, or whose home is an unfit place for him by reason of neglect, cruelty, or depravity of either of his parents, or of his guardian or other person in whose custody or care he is.

"(c) Who is physically dangerous to the public because of a mental or physical deficiency, disorder or abnormality."

[3]Section 601 of the Welfare and Institutions Code, reads as follows: "Any person under the age of 21 years who persistently or habitually refuses to obey the reasonable and proper orders or directions of his parents, guardian, custodian or school authorities, or who is beyond the control of such person, or any person who is a habitual truant from school within the meaning of any law of this State, or who from any cause is in danger of leading an idle, dissolute, lewd, or immoral life, is within the jurisdiction of the juvenile court which may adjudge such person to be a ward of the court."

[4]Section 602 of the Welfare and Institutions Code, reads as follows: "Any person under the age of 21 years who violates any law of this State or of the United States or any ordinance of any city or county of this State defining crime or who, after having been found by the juvenile court to be a person described by Section 601, fails to obey any lawful order of the juvenile court, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court."

[5]Section 777 of the Welfare and Institutions Code reads as follows: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation of the minor.

"(b) Upon the filing of such supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 658 and 660."

She has appealed from that order. For the reasons set forth below, we reverse the order.

## I

Petitioner contends that section 777 of the Welfare and Institutions Code is unconstitutionally vague. ■ Although the older cases treated proceedings under the Juvenile Court Act as civil in nature (*In re Daedler* (1924) 194 Cal. 320 [228 P. 467]), it is now clear that, at least insofar as they may result in incarceration for treatment, they must meet the constitutional due process standards required of criminal proceedings. (*In re Winship* (1970) 397 U.S. 358 [25 L.Ed.2d 368, 90 S.Ct. 1068]; *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428].) ■ Since the possible result of a supplementary proceeding under section 777 is that of commitment to the Youth Authority, we agree with petitioner that the test of vagueness applicable to a criminal proceeding must be applied.

The statutory provision is that the petition must contain ". . . a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation of the minor." ■ The proceedings under that section involve only a minor who (a) previously has been made a ward of the court, (b) has been returned to the custody of his parents as a part of a rehabilitation program, and (c) has failed to achieve rehabilitation under such a program. Under these circumstances, all that due process requires is that the minor and his parents be advised, in advance of the statutorily required court hearing, what facts will be relied on to support a change in the program theretofore in effect. Advised of those facts, the minor and his parents may, at the hearing, either dispute the factual allegations or contest the conclusion that such facts justify a change in the treatment program that will result in removing the minor from parental custody. Since that is the sole purpose of the supplemental petition, the statutory provision is sufficient.

## II

■ Under various headings, it is here contended that the facts set forth in the petition and proved at the hearing, were not sufficient to meet the statutory standard. We agree. ■ The test to be applied in making an order removing a minor from the physical custody of his parents is that the then existing program has not "been effective in the rehabilitation of the minor." ■ It is clear from the provisions of section 726 of the code that removal of the minor from parental custody is a matter of last resort and that it should not be ordered unless other means have failed. The fact that a minor has been found in an "intoxicated-like" condition is certainly a factor to be considered; but, standing alone, it is by no means deter-

minative. The material fact is not that the minor may, on some one occasion, have deviated from the paths of rectitude, but that such deviation exemplifies such a complete failure by the parents to achieve rehabilitation as to compel the conclusion that further efforts by them will be unavailing.

The superior court file, which includes a series of probation reports relating to earlier court proceedings, contains many facts that would have borne on the issue before the court at the hearing herein involved. But the petition is totally devoid of any reference to those facts and none of them were adduced in the testimony at the hearing. The transcript of that hearing discloses that it was devoted exclusively to evidence of the single episode referred to in the petition and that it was not until after the court had made its adjudication sustaining the petition that the probation reports were even mentioned. ██ If the court did consider those *reports* in reaching its adjudication, it erred (*In re Gladys R.* (1970) 1 Cal.3d 855, 859-862 [83 Cal.Rptr. 671, 464 P.2d 127]); if the court were to consider the *facts* contained in those reports, due process, and section 777, require that they be at least summarized in the petition and regularly proven at the hearing.

### III

Petitioner also contends that the evidence produced in support of the petition was obtained by unconstitutional means. Since the order must be reversed for the reason above stated, we do not consider those contentions in this opinion. Decisions rendered subsequent to the hearing and order before us have clarified the rights and duties of police officers in securing evidence. At any rehearing, on a new and different petition, the trial court will have the benefit of those opinions and, undoubtedly, will govern its admission of evidence accordingly.

The order of commitment appealed from is reversed; the purported appeal from other orders is dismissed.

Dunn, J., and Irwin, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Acting Chairman of the Judicial Council.