[Civ. No. 1546. Fifth Dist. Mar. 7, 1972.]

In re NEAL D. et al., Persons Coming Under the Juvenile Court Law.
JERRY D., Plaintiff and Appellant, v.
COUNTY OF STANISLAUS, Defendant and Respondent.

---

COUNSEL

Mark A. Kanai for Plaintiff and Appellant.

T. W. Martz, County Counsel, Jonathan H. Rowell, Assistant County Counsel, John F. Christensen and Harry P. Drabkin, Deputy County Counsel, for Defendant and Respondent.

---

OPINION

**STONE, P. J.**—Appellant is the mother of Neal D. and Leola D., aged 4 and 3, respectively, who were made wards of the juvenile court on June 24, 1970, following a hearing based upon a petition alleging that the parent was not providing a suitable place of abode for the two minors in that the place of residence was a condemned dwelling. At the hearing, appellant admitted the allegations in the petition, advising the court that she had been unable to secure a more suitable home due to her lack of financial resources and the critical housing shortage in Stanislaus County. At the dispositional hearing it was ordered that the children be placed in suitable homes, and the court stated that the orders were made "with the view towards seeing if the parents can find suitable quarters and give the children back to the parents, we want the children back to you as soon as we can get them back to you, that's what we are trying to do."

About six months later, appellant filed a petition pursuant to Welfare and Institutions Code section 778, to dismiss or terminate the jurisdiction of the juvenile court, alleging changed circumstances, that is, that she had obtained a suitable home. The petition was supported by the affidavit of a social service supervisor for the county welfare department, who attested that the new residence of the mother was "adequate in size and furnishings for two children and that it would be appropriate to return them to their mother at this time as they will be provided with a suitable place of abode."

The petition was set for hearing on December 18, 1970. At the hearing

appellant presented no additional evidence, and none was necessary as the allegations of the petition were not denied. However, in response to the petition, a social service worker's report (welfare department) dated December 17, 1970, was filed with the court. The hearing was continued to December 21, at which time the court, over the objection of appellant's counsel, received the social service worker's report in evidence, read it, and on the basis of the report denied appellant's petition to terminate jurisdiction.

The report did not dwell upon the suitability of the home, that is, the jurisdictional facts upon which the original order was based; rather, the social service worker's report dealt with completely new circumstances. Physical, mental, emotional and social problems, none of which were considered in the original hearing, were related in the welfare department's subsequent report. It recommended that the minors be continued as dependent children of the Stanislaus County Juvenile Court, and that they remain in "suitable placement."

The mother filed notice of appeal purporting to appeal from the original order dated June 24, 1970, as well as from the subsequent order of December 21 denying the petition to terminate the proceedings. Clearly, the appeal from the order of June 24, 1970, comes too late, but the appeal from the December 21, 1970, order is timely.

■ The court established jurisdiction over the two minors by reason of the hearing on June 24, 1970, which was held in compliance with the provisions of Welfare and Institutions Code section 600, subdivision (b). We note, parenthetically, that a proceeding under section 600, subdivision (b), is a civil dependency proceeding. Since the minors are not accused of wrongdoing the constitutional mandates applicable to hearings pursuant to Welfare and Institutions Code sections 601 and 602 ( *In re Gault,* 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428]; *Kent* v. *United States,* 383 U.S. 541 [16 L.Ed.2d 84, 86 S.Ct. 1045]) have no relevancy. (See *In re Robinson,* 8 Cal.App.3d 783 [87 Cal.Rptr. 678].)

But the fact the status of a minor is one of dependency under section 600, subdivision (b), rather than that of an alleged wrongdoer under section 601 or 602, does not deprive a parent whose right to custody of his child is challenged, of the right to due process. (*Lois R.* v. *Superior Court,* 19 Cal.App.3d 895 [97 Cal.Rptr. 158].) ■ Fundamental to due process is the right to notice of the allegations upon which the deprivation of custody is predicated, and to notice of the time and place of the hearing. In other words, a parent is entitled to be apprised of the charges he must meet in order to prepare his case, and he must be given an opportunity to be heard and to cross-examine his accusers.

■ In an original proceeding under section 600, subdivision (b), the framework for the fundamental tenets of due process are provided by the Welfare and Institutions Code: section 650 requires that a petition be filed in the juvenile court, section 656 delineates the pertinent information to be alleged in the petition to give notice to the parents and others concerned of the basis for the proceeding, notice to the parent is required by section 658, and manner of service is set out in section 660. All of these prerequisites were complied with for the original jurisdictional hearing in June 1970. However, thereafter the mother, having remedied the condition upon which the jurisdictional order was predicated, petitioned to terminate the jurisdiction over the minors, as she had the right to do under section 778. The allegations of her petition were not denied; rather, the welfare department filed a case worker's social studies report setting forth new and different grounds for the juvenile court to retain jurisdiction over the minors. On the basis of matters in the later social studies report, jurisdiction was readjudicated and the status of wardship was continued.

We conclude that the proceeding denied appellant-parent due process of law. A social study is not a substitute for nor commensurate with a petition alleging jurisdictional facts. It cannot serve in lieu of a petition in an original proceeding (§§ 650, 656) and it is likewise an inadequate substitute for a petition alleging grounds to be urged to effect a modification of an order under section 778 where the grounds upon which the modification are sought differ from those upon which original jurisdiction was predicated. ■ Respondent argues that a section 778 proceeding to modify is analogous to a subsequent hearing within the ambit of section 729.[1] But section 729 contemplates a further hearing to determine whether the original jurisdictional facts continue to exist. In short, the section contemplates that the dispositional order following a hearing under section 729 is to be based upon continuing jurisdictional facts and circumstances which warranted the original order. Here, the conditions in the

---

[1]Welfare and Institutions Code section 729 provides: "Every hearing in which an order is made adjudging a minor a dependent child of the juvenile court pursuant to Section 600 and every subsequent hearing in which such an order is made, except a hearing at which the court orders the termination of its jurisdiction over such minor, shall be continued to a specific future date not more than one year after the date of such order. The continued hearing shall be placed on the appearance calendar and the probation officer shall make an investigation, file a supplemental report and make his recommendation for disposition. The court shall advise all persons present of the date of the future hearing and of their right to be present, to be represented by counsel and to show cause, if they have cause, why the jurisdiction of the court over the minor should be terminated. Notice of hearing shall be mailed by the probation officer to the same persons as in an original proceeding and to counsel of record by certified mail addressed to the last known address of the person to be notified not earlier than 30 days preceding the date to which the hearing was continued."

home which formed the basis for the original petition, and upon which the original jurisdictional order was predicated, admittedly no longer existed.

We think the proper procedure in a proceeding by the welfare department to modify a section 600, subdivision (b), order under section 778 is more nearly analogous to proceedings to change or modify an original order because of failure to rehabilitate the minor under sections 775, 776 and 777, which must be commenced by the filing of a supplemental petition[2] with proper notice of the hearing[3] so that the parents and any other interested parties are apprised of the allegations they must be prepared to meet.

Interestingly enough, the clerk's record denominates the hearing that was held on December 21 "Modification of Court Order," even though the only petition on file was that of the mother to terminate jurisdiction; no supplemental petition or other countervailing pleading was filed by the welfare department. The social studies report, which was largely hearsay, cannot substitute for a supplemental petition. We hold that where a minor, who has been adjudicated a ward of the juvenile court under a section 600, subdivision (b), proceeding, is readjudicated a ward for new and different reasons from those litigated in the original proceeding, a supplemental petition must be filed alleging the grounds upon which the readjudication is to be predicated and notice of the hearing thereon must be given in the same manner as required in a proceeding for a change or modification of order under sections 775, 776 and 777.

The case is remanded to the juvenile court for further proceedings consistent with the views expressed herein. Pending such further proceedings, said minors shall remain under the jurisdiction of the juvenile court.

Reversed with directions.

Gargano, J., and Brown (G. A.), J., concurred.

---

[2]Subdivision (a) of section 777 of the Welfare and Institutions Code provides: "The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation of the minor."

[3]Subdivision (b) of section 777 of the Welfare and Institutions Code provides: "Upon the filing of such supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 658 and 660."