[Crim. No. 29579. Second Dist., Div. Four. July 29, 1977.]

In re JOHN G., a Person Coming Under the Juvenile Court Law.
KENNETH F. FARE, as Acting Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
JOHN G., Defendant and Appellant.

## COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Beverly K. Falk, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, J.**—John had, earlier, under proceedings brought pursuant to section 602 of the Welfare and Institutions Code, been declared a ward of the court and placed in a camp facility. While there, he engaged in an altercation with one of the camp counselors. As a result of that incident, a new petition, under section 602, was filed against him, alleging that he had committed a battery, in violation of section 242 of the Penal Code. At the adjudication hearing on that petition, he admitted an altercation with the counselor, but denied being the aggressor and explained the incident as due both to the counselor's refusal to let him complete an explanation of earlier conduct and to the failure of the camp authorities to give him needed anti-hyperkinetic medicine. At the disposition hearing, the judge, although expressing the opinion that the altercation charged was a minimal and technical violation of section 242, took into consideration a probation report showing that John had had a long history of violent conduct at the camp and concluded that the entire picture required a Youth Authority

commitment. John has appealed from the order committing him to the Youth Authority. We affirm that order.

■ On this appeal, John contends that it was procedurally improper to proceed against him by a new section 602 petition instead of filing a supplementary petition under section 777 of the Welfare and Institutions Code.[1] We disagree with that contention. In its report recommending the enactment of section 777, the Special Study Commission on Juvenile Justice said:

"RECOMMENDATION NO. 14

"Require the filing of a new petition and a full-scale hearing if a juvenile court ward's original treatment disposition is to be modified by further restricting his freedom as a result of a new delinquent act. If such action is contemplated because the minor fails to respond to the original treatment disposition *rather than because of a new offense,* provide that a supplemental petition may be the basis for the court hearing." (Italics added.)

■ It thus seems clear that the proposers of section 777 did not contemplate that that section must, necessarily, be utilized in cases such as the one at bench where a different and more onerous disposition is to be based on a new criminal offense. *In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345], involved a factual background similar to that herein involved. Arthur had been adjudicated a ward of the court under section 602; thereafter he was charged with the commission of robbery and was committed to the Youth Authority. However, in Arthur's case, a section 777 petition had been used. The Supreme Court

---

[1] "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor.

"(b) Upon the filing of such supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 658 and 660.

"(c) An order for the detention of the minor pending adjudication of the petition may be made only after a hearing is conducted pursuant to Article 15 (commencing with Section 625) of this chapter."

held that, where a new and more onerous order is to be made, based on a new criminal act, that act must be proven beyond a reasonable doubt and said (at p. 240) that "the bifurcated hearing procedure established for original [602] proceedings by sections 701 and 702 should be utilized."

If such a bifurcated hearing requiring the same standard of proof as is required in an original 602 proceeding, is required, it seems that that end may often be more effectively accomplished by using, as in the case at bench, the device of a new 602 petition.

One significant difference exists in the use of a 602 petition as opposed to the use (as in *Arthur*) of a 777 petition. ■ As we pointed out in *In re Donna G.* (1970) 6 Cal.App.3d 890 [86 Cal.Rptr. 421], use of a section 777 petition requires the inclusion, in that petition, of all of the events relied on to prove the ineffectiveness of the original disposition, whereas, by using a petition under section 602, only the latest new criminal offense must be pleaded, and other elements going to disposition appear, after the adjudication hearing, in the "social study" provided for in section 702 and in any evidence introduced at the disposition hearing.

■ Neither the court nor the minor was officially notified of the background material until the probation report was filed. However, John was represented by counsel. There is no reason to doubt that that attorney was well aware that, in a proceeding under section 602, a social study, prepared by the probation officer, would be received in evidence at the disposition hearing, as is required by section 702, and that it was inevitable that such report would include the kind of information which would have been set forth in a 777 petition if that procedure had been followed.

John did not object to the receipt of that report, he did not attack the accuracy of its contents, and he did not seek a continuance in aid of any such attack. In light of that acquiescence in the procedure used, we conclude that John cannot, here, complain of the failure earlier to advise him that his whole history of involvement with the juvenile court might be used, adversely to him, in determining the disposition of his case.

Although, as the judge indicated, the single incident alleged in the 602 petition might not have justified the ultimate sanction herein involved, it is clear that the whole record before the judge, not objected to and fully

discussed by him, was sufficient to sustain the Youth Authority commitment.

The order is affirmed.

Files, P. J., and Dunn, J., concurred.