[Civ. No. 3706. Fifth Dist. Nov. 8, 1978.]

In re REYNALDO R., a Person Coming Under the Juvenile Court Law.
T. GLEN BROWN, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
REYNALDO R., Defendant and Appellant.

COUNSEL

Frank O'Connell, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—Reynaldo R., a minor, appeals from a commitment to the California Youth Authority. The order placing him there is based on a previously adjudicated charge of assault with a deadly weapon upon a peace officer, which resulted in his being committed to a county juvenile camp, and a battery which occurred during his placement.

CHRONOLOGY

In September 1977 a supplemental petition was filed pursuant to sections 777 and 602 of the Welfare and Institutions Code[1] which contained three "counts." The first alleged that in June of the same year a petition was sustained alleging an assault with a deadly weapon upon a peace officer, whereupon the minor was adjudged a ward of the court and committed to Camp Owen, a local treatment facility.

The second count alleged that such disposition was not effective in the rehabilitation of the minor, in that on September 14, 1977, the minor committed a battery upon two occasions upon a fellow detainee, Eddie Sanchez, thereby placing the former within the provisions of section 777.

The third count alleged that the minor came within the provisions of section 602 in that he committed a battery upon Eddie Sanchez on September 14, 1977.

---

[1]Unless otherwise specified, all statutory references are to the Welfare and Institutions Code.

There were three hearings. In the first the minor admitted as true counts I and III. Count II was denied. The court, acting through its referee, found the minor to be "fit and proper for consideration under 777, as related to Count One and 602, as related to Count Three." The second hearing was before a commissioner and was held on September 30. Count II was dismissed, and the commissioner announced: "Now, the dispositional hearing on Count Three, we'll set that down for October 14, 1977." (Count III alleged a battery, a misdemeanor.)

At the dispositional hearing on October 14, 1977, the court purported to commit the minor to the Youth Authority on count I, the assault with a deadly weapon upon a peace officer, specifying the maximum period of confinement as the 21st birthday of the minor. On count III, the court specified the period of confinement to be six months, to be served consecutively. The minutes of the court, the remarks of the judge and the commitment order make it clear that the commitment to the Youth Authority on both counts was pursuant to section 602.[2]

### The Commitment For ADW (Count I)

Appellant had previously been committed to a local treatment facility, Camp Owen, for the prior offense. By committing him to the

[2]The court made the following statement at the time of sentencing:

"Well, I agree with the recommendation of the Probation Officer. The minor was committed to Camp Owen because of an assault on a police officer, as I recall, an assault with a deadly weapon.

"The assaultive behavior continued in Camp Owen. As far as local treatment programs are concerned, Camp Owen is the last step in the ladder of progressively restrictive dispositional orders. I do not feel that this minor would benefit from any further local programs.

"The Kern Youth Facility is a co-educational type program. I just don't feel that with the background of assaultive behavior, that the Kern Youth Facility would be a reasonable alternative. I think that the minor needs a longer period of close supervision than what the Kern Youth Facility or Camp Owen can offer him. Those programs being relatively short in duration. I do not feel that he would benefit from an early release to the community at large.

"For those reasons, and for the reasons stated in the Probation Officer's report, it will be the Order of this Court that the minor be committed to the California Youth Authority."

The commitment order to the California Youth Authority stated:

"The Court finds that:

"1. The person named in this matter is described by Section 602 Welfare and Institutions Code, and has been adjudged a ward of the court: (*list causal allegations of petition sustained by Court*). in that on June 24, 1977, said minor was found to have violated Section 245(b) of the Penal Code—ASSAULT WITH A DEADLY WEAPON ON A PEACE OFFICER, (felony). Further, on September 30, 1977, said minor was found to have violated Section 242 of the Penal Code—BATTERY, (misdemeanor). Confinement time to be served consecutively."

California Youth Authority on that prior, the court modified or changed the previous order by imposing a different form of commitment. The Legislature has expressly required that before such a change can be effectuated, a specific procedure must be followed. Section 775 states: "Any order made by the court in the case of any person subject to its jurisdiction may at any time be changed, modified, or set aside, as the judge deems meet and proper, subject to such procedural requirements as are imposed by this article."

Section 776 provides that "[n]o order changing, modifying, or setting aside a previous order . . . shall be made . . . unless prior notice of the application therefor has been given . . . ." Section 777 provides in pertinent part that ". . . an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition. [¶] (a) The supplemental petition . . . shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation . . . of the minor."

Appellant contends that after the dismissal of count II of the petition the petition was insufficient to give him notice that his disposition for count I would be modified or changed. All that is required for proper notice is that the supplemental petition plead a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the minor's rehabilitation, and notice of the time and place of the hearing on the petition. (§ 777, subds. (a), (b); *In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345]; *In re Neal D.* (1972) 23 Cal.App.3d 1045, 1048-1050 [100 Cal.Rptr. 706] (disapproved on other grounds in *In re B. G.* (1974) 11 Cal.3d 679, 692 [114 Cal.Rptr. 444, 523 P.2d 244]); *In re Donna G.* (1970) 6 Cal.App.3d 890, 894 [86 Cal.Rptr. 421].) If the minor has adequate notice of the charge so that he may intelligently prepare his defense then the notice is deemed adequate. (*In re Arthur N., supra.*)

In the present case the petition was entitled "Supplemental Petition (Ward) 777/602." The introductory language stated:

"The undersigned petitioner states that the above named is now a Ward of the above entitled court.

"The petitioner alleges that the previous orders of this court have not been effective in the rehabilitation of the above named person, in that:

## "COUNT I

"On June 23, 1977, an initial petition was filed on behalf of Reynaldo [R.] alleging Assault With a Deadly Weapon Upon a Peace Officer. Said petition was sustained on June 24, 1977. Said minor was adjudged a Ward of the Court and committed to Camp Erwin Owen at the dispositional hearing on July 8, 1977. The available confinement time on said petition is 2, 3 or 4 years less 3 months credit for time served.

". . . . . . . . . . . . . . . . . . . .

## "COUNT III

"Said minor comes within the provisions of Section 602 of the Juvenile Court Law, in that on or about September 14, 1977, said minor used force and violence upon the person of Eddie Sanchez; thereby violating Section 242 of the Penal Code. Maximum confinement time is 6 months."

Because the petition expressly alleges "that the previous orders of this court have not been effective in the rehabilitation of the above named person, in that: . . ." followed by the allegation of count I and the subsequent violation during said commitment (count III), we think the appellant was given adequate notice of the probability that the commitment under count I would be modified by reason of the count III violation.

At the dispositional hearing the comments and the arguments which were directed toward the alternative dispositions substantiate the position that the appellant and his counsel were fully apprised of the possibility of a changed commitment. Accordingly, we conclude that the provisions of sections 775, 776 and 777 were complied with in this respect.

However, before a prior commitment order may be modified, an express finding by the court must be made that the previous disposition has not been effective in the rehabilitation of the minor. (*In re Denise C.* (1975) 45 Cal.App.3d 761, 766-767 [119 Cal.Rptr. 735].) The required finding was not made by the court in this case and for that reason the commitment on count I must be reversed.[3]

---

[3]The disposition of this appeal makes it unnecessary to discuss the court's failure to follow section 726 procedures in determining the maximum period of confinement and of the attempt to make a consecutive commitment of six months on the battery.

The modification procedure set forth in section 777 does not conflict with cases such as *In re John G.* (1977) 72 Cal.App.3d 242 [139 Cal.Rptr. 849], where it is recognized: "[T]hat the proposers of section 777 did not contemplate that that section must, necessarily, be utilized in cases such as the one at bench where a different and more onerous disposition is to be based on a new criminal offense. [Citation.]" (At p. 245.) As the court said at page 246: "[B]y using a petition under section 602, only the latest new criminal offense must be pleaded, and other elements going to disposition appear, after the adjudication hearing, in the 'social study' provided for in section 702 and in any evidence introduced at the disposition hearing." (See also *In re Samuel C.* (1977) 74 Cal.App.3d 351 [141 Cal.Rptr. 431]; *In re Aaron N.* (1977) 70 Cal.App.3d 931 [139 Cal.Rptr. 258].)

Obviously the commitment in the case at bench cannot be upheld under the 602 procedure because the court expressly modified the former commitment (count I) and expressly committed the appellant under count I pursuant to section 602, thus bringing into operation the requirements of section 777 for the modification of a former commitment.

### CYA COMMITMENT

■ Did the court abuse its discretion by committing the minor to the California Youth Authority? No.

It was within the ambit of the court's authority to commit the minor to the Youth Authority. After he had been placed at Camp Owen, he engaged in further criminal activity. Abuse of discretion may be shown only if there is no substantial evidence to support the commitment to the Youth Authority. (*In re Darryl T.* (1978) 81 Cal.App.3d 874, 877 [146 Cal.Rptr. 771]; *In re John G.* (1977) 72 Cal.App.3d 242, 246-247 [139 Cal.Rptr. 849]; *In re Willy L.* (1976) 56 Cal.App.3d 256 [128 Cal.Rptr. 592]; *In re Clarence B.* (1974) 37 Cal.App.3d 676 [112 Cal.Rptr. 474].) The minor's record, although justifying a less restrictive disposition, was sufficient for a finding of probable benefit to the minor by a Youth Authority commitment.

### ORDER

The order of commitment as to count I is reversed and is affirmed as to count III.

Since the maximum period of incarceration which could have been imposed (six months) has expired, appellant is ordered released from custody if not otherwise under lawful restraint. The order of the juvenile court is modified to provide that the minor's confinement in the Youth Authority be terminated upon the finality of this decision.

Ginsburg, J.,* concurred.

ANDREEN, J.†—I concur in the majority opinion and the result but desire to add some comments with respect to the cases of *In re Aaron N.* (1977) 70 Cal.App.3d 931 [139 Cal.Rptr. 258] and *In re Samuel C.* (1977) 74 Cal.App.3d 351 [141 Cal.Rptr. 431].

The majority opinion cites *In re Aaron N., supra,* 70 Cal.App.3d 931 and *In re Samuel C., supra,* 74 Cal.App.3d 351 without acknowledging that if they are good law, the commitment as to count I should be affirmed. The opinions in those cases state that a juvenile's prior offenses for which he has already received a disposition can be utilized as a basis for imposing a longer period of confinement than would be justified under section 726 on a new offense which has triggered a subsequent section 602 proceeding without following the procedures and making the findings contemplated in sections 775 through 777.

In the case of *In re Aaron N., supra,* 70 Cal.App.3d 931, the minor had acquired a lengthy record and had been a ward of the court for approximately two years. He came before the court on two misdemeanors, the most serious of which carried a maximum jail sentence of six months, and was committed to the Youth Authority under section 1769 which could mean confinement of the 16 year old until his 21st birthday. The appellate court modified the order on the ground that the Legislature, in conformity with *People v. Olivas* (1976) 17 Cal.3d 236 [131 Cal.Rptr. 55, 551 P.2d 375], amended the Juvenile Court Law effective January 1, 1977, and provided that one committed under section 602 may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult. The court therefore held that the minor's physical confinement could not exceed six months (the maximum jail sentence for the current offense). By way of dicta, however, the court set forth the concept that in measuring the length of physical confinement the entire record of the

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.

juvenile may be regarded, and the most serious offense committed by the minor may be used. The court did not apply such a rule to the case before it because the trial court's commitment order was based solely upon the two current misdemeanors and because the minor's due process rights were not observed. Without discussing or acknowledging sections 775, 776 and 777, the appellate court set up its own due process safeguards by providing that before a minor may be committed to the Youth Authority for the maximum term of some criminal act for which a petition had been sustained previously, the court must advise the minor of its intention to do so and afford the minor an opportunity to be heard. In view of the Legislature's precise delineation of the procedure to be used in the event the probation officer seeks to modify a prior order, as set forth in sections 776 and 777, I question the advisability of erecting new due process procedures.

The dicta in *In re Aaron N., supra,* 70 Cal.App.3d 931 was relied upon in *In re Samuel C., supra,* 74 Cal.App.3d 351. The minor was committed to the Youth Authority for battery, but had previously been made a ward of the court for more serious offenses. Relying on *People* v. *Olivas, supra,* 17 Cal.3d 236, the minor complained that his commitment to the Youth Authority could result in a longer period of confinement than could be imposed upon an adult who violated Penal Code section 242 (battery). The case was remanded to the trial court for it to specify the maximum period of confinement under section 726 (using prior offenses as the yardstick). There was no recognition of sections 775, 776 and 777 nor of due process safeguards.

*In re Aaron N., supra,* 70 Cal.App.3d 931 and *In re Samuel C., supra,* 74 Cal.App.3d 351 based their conclusions on sections 726 and 731. However, these sections merely limit the maximum term of a commitment which may be imposed on a juvenile. They do not purport to delineate all of the requirements which must be met before such terms may be imposed. These sections do not conflict with or supersede the mandatory conditions precedent established in sections 775, 776 and 777 for a valid modification of a prior commitment. (See *In re Denise C.* (1975) 45 Cal.App.3d 761 [119 Cal.Rptr. 735].) Construed together, sections 726, 731 and 777 require that before a court may modify a commitment on prior offenses or impose a longer term of commitment than justified by the present offense, a determination must be made on a supplemental petition that the prior order has been ineffective.

The due process requirements enunciated in *In re Aaron N., supra,* 70 Cal.App.3d 931 were met in the case before us. If *In re Aaron N.* is good law, the commitment on count I should be affirmed. I agree with the majority opinion as to count I up to the point that it cites *In re Samuel C.* and *In re Aaron N.* But I believe that we should face the inherent conflict between these cases and the case of *In re Denise C., supra,* 45 Cal.App.3d 761. In my view, and in the view of the majority, *In re Denise C.* is a correct statement of the law. We should be forthright enough to recognize the conflict and disapprove of *In re Samuel C.* and *In re Aaron N.*