[No. F006351. Fifth Dist. June 30, 1986.]

In re JOE A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOE A., Defendant and Appellant.

**COUNSEL**

Jin Ishikawa, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, James T. McNally and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HAMLIN, J.**—On May 7, 1985, Joe A., a minor (appellant), admitted two allegations of petty theft pursuant to a plea bargain. The juvenile court found that appellant came within the provisions of Welfare and Institutions Code section 602.[1] Appellant was placed on probation conditioned, among other things, upon his completing 80 hours in the juvenile court work program by August 1, 1985, and his attending the July 24, 1985, theft awareness class. On August 23, 1985, a supplemental petition was filed in the Kern County Superior Court, sitting as a juvenile court, alleging the previous disposition was ineffective in that appellant had violated the terms of probation by not completing the work program and by failing to attend the theft awareness class.

Following a contested jurisdictional hearing, the court found the allegations of the petition true, set a dispositional hearing for October 15, 1985, and ordered appellant detained in juvenile hall. At the dispositional hearing, the court ordered appellant confined at Camp Erwin Owen. Appellant appeals.

The facts are undisputed and will be developed as necessary to an understanding of the issues appellant raises on appeal.

DISCUSSION

I.

*Procedural Defects*

A. *Juvenile court's failure to read the petition.*

■  Appellant contends the juvenile court failed to comply with the requirements of California Rules of Court, rule 1353(a),[2] when it failed to

---

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

[2] Further references to rules are to the California Rules of Court.

read and explain the allegations of the supplemental petition at the beginning of the jurisdictional hearing. This hearing was first calendared on September 5, 1985, before a juvenile court referee. No reporter was present at the first hearing. (§ 677.) The minute order, however, indicates that a reading of the petition was waived.

Rule 1353(a) provides, "At the beginning of the jurisdiction hearing, the petition shall be read to those present. The court shall then explain the meaning and contents of the petition and the nature of the hearing, its procedures and possible consequences." The rule implements section 700, which provides in part, "At the beginning of the hearing on a petition . . . the judge or clerk shall first read the petition to those present and upon request of the minor upon whose behalf the petition has been brought or upon the request of any parent, relative or guardian, the judge shall explain any term of allegation contained therein and the nature of the hearing, its procedures, and possible consequences." (See also *In re Richard W.* (1979) 91 Cal.App.3d 960, 978 [155 Cal.Rptr. 11].)

Notwithstanding use of the mandatory "shall" in rule 1353(a), we find no case law, statute or rule to indicate the reading of the petition cannot be waived. In fact, there is secondary authority which suggests that waiver is a common practice. (See generally, 1 Cal. Juvenile Court Practice (Cont.Ed.Bar 1981) Detention and Prima Facie Hearings, § 4.24, pp. 119-120, and Thompson, Cal. Juvenile Court Deskbook (Cont.Ed.Bar 2d ed. 1972) Jurisdictional Hearing, § 8.11, p. 99.)

Appellant urges that his inquiry to the court at the conclusion of the jurisdictional hearing, "I would like to know what you might do . . . . [¶] . . . [¶] What else do you think might happen?" establishes that the allegations of the petition were never made clear to him. We are not persuaded. The petition outlines the dispositions available to the juvenile court, from continuation in the juvenile court work program to placement at the California Youth Authority. Absent some affirmative allegation that appellant, who was represented by counsel at and after the September 5 hearing, was completely unadvised as to possible consequences, we consider his inquiry of the trial court as nothing more than an attempt to pin down the court, prior to the probation report, to some future disposition.

Since the record indicates waiver and appellant has not alleged anything to the contrary, we conclude that the trial court did not err in failing to read the petition to appellant at the beginning of the jurisdictional hearing.

B. *Juvenile court's failure to advise appellant of his constitutional rights.*

Appellant also contends the court erred in failing to advise him of his constitutional rights as required by rule 1354(a). That rule provides:

"After giving the advice required by rule 1353, the court shall next inform those present of each of the following rights of the minor:

"(1) The right to a trial by the court on the issues raised by the petition;

"(2) The right to remain silent, and that anything the minor says may be used against the minor in the juvenile court proceedings;

"(3) The right to confront, and to cross-examine, any witness that may be called to testify against the minor;

"(4) The right to use the process of the court to compel the attendance of witnesses on the minor's behalf." Rule 1354 implements section 702.5, which provides that a minor involved in a juvenile court proceeding such as this "has a privilege against self-incrimination and has a right to confrontation by, and cross-examination of, witnesses."

In *In re Mary B*. (1971) 20 Cal.App.3d 816, 820 [98 Cal.Rptr. 178], the court stated with respect to these constitutional rights, "The protection of these rights entails creation of a record affirmatively signifying that each of these rights has been communicated in an understandable fashion and has been fulfilled or intelligently waived." Respondent in this case, however, has argued that the advisement is necessary only to ensure an adequate record in the event a minor admits the allegations of the petition, relying upon *In re Mary B., supra,* and *In re Ronald E*. (1977) 19 Cal.3d 315, 321 [137 Cal.Rptr. 781, 562 P.2d 684].

Although those cases, as well as all others cited by the parties and discovered by the court which consider the necessity that a minor be advised of his constitutional rights, involve the validity of an admission of the allegations of the petition, we believe rule 1354(a) applies to contested juvenile proceedings as well. Rule 1354(b) provides that *after* the explanation of constitutional rights but prior to the attachment of jeopardy the court shall hear and decide motions to suppress evidence. Proceeding in an apparently chronological manner, rule 1354(c) states that "[t]he court shall *then* inquire whether the minor intends to admit or deny the truth of the allegations of the petition. . . . Before accepting an admission by the minor that the allegations of the petition are true: [¶] (1) The court shall first satisfy itself, and the minutes shall reflect, that the minor understands each of the trial rights enumerated in subdivision (a), the nature of the allegations and the direct consequences of a finding that the allegations are true, and that by admitting the truth of the allegations in the petition, the minor will be waiving those rights. [¶] . . ." (Italics added.)

If the advisement of constitutional rights were necessary only in those cases in which a minor admits the allegations of the petition, the enumeration of rights in rule 1354(a) could easily be incorporated into the waiver provisions of rule 1354(c)(1). The rule carefully explains that the advisement of constitutional rights is to *follow* the reading of the petition, by which the court has explained to the minor the nature of the allegations, the procedures, and the possible consequences. This indicates the intent of rule 1354, implementing section 702.5, is to direct the juvenile court to advise a minor of his constitutional rights whether or not the minor intends to admit the allegations. Contrary to respondent's assumption that it is unnecessary in a comparable adult setting to advise a criminal defendant who does not plead guilty of his constitutional rights, such advisement normally occurs at least once, if not several times. In any case, both an adult and a juvenile need to know what their constitutional rights are in order to decide whether to exercise or to waive those rights. Rule 1354(a) simply ensures that this initial advisement will be made.

Presumably, the advisement of rights can be waived like the reading of the petition. But whether it can be waived is not significant here because the same minute order of September 5 which shows by a "check-off box" that reading of the petition was waived contains a *separate* unchecked box for the advisement of constitutional rights. Similarly, the separate box on the minute order of September 30 for advisement of rights is unmarked. Thus the record before this court fails to demonstrate that appellant was advised as required by rule 1354(a).

The remaining question is whether the trial court's failure to advise appellant of his constitutional rights mandates reversal. We think not, even though a record silent as to advisement of constitutional rights may constitute reversible error per se when the case has been resolved by a guilty plea or a minor's admissions. A corresponding rule of reversible error per se makes no practical sense in the setting of a trial or a contested juvenile hearing in which the defendant or the juvenile is represented by counsel. Without some affirmative allegation that appellant was not advised of his rights by his counsel and that he would have proceeded differently if he had been advised, there is no showing of prejudice.

Appellate counsel argues that "[i]t is highly probable that the appellant, had he been properly advised of his rights to remain silent, would not have testified." Counsel offers no support in the record or in reason or logic for this argument. He goes on to characterize respondent's case as "weak and flimsy." The record belies that characterization. Either appellant had completed 80 hours in the work program or he had not; either he had attended the theft awareness seminar or he had not. Although proof of these allegations

is found in appellant's testimony when he sought to explain his failings to the juvenile court, appellant's noncompliance could just as easily have been proven had respondent produced the records of those two programs. Appellant's testimony makes clear he hoped to persuade the court his excuses for noncompliance were reasonable ones, which was realistically his only hope.

Absent any showing of prejudice flowing from the trial court's failure to advise appellant of his constitutional rights, there is no basis for reversal of the trial court's order.

## II.

### *Jurisdiction*

Three of the issues appellant raises relate to the jurisdiction of the juvenile court to proceed on a petition brought pursuant to section 777, subdivision (a). Before considering those specific issues, we deem it necessary to discuss the nature, purpose and requirements of a supplemental petition under section 777.[3]

---

[3]At the time of the instant hearing, section 777 provided: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer, where a minor has been declared a ward of the court or a probationer under Section 601, and by the prosecuting attorney at the request of the probation officer where a minor has been declared a ward or probationer under Section 602, in the original matter and shall contain a concise statement of facts sufficient to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor.

"(b) Notwithstanding the provisions of subdivision (a), if the petition alleges a violation of a condition of probation and is for the commitment of a minor to a county juvenile institution for a period of 15 days or less, it is not necessary to allege and prove that the previous disposition has not been effective in the rehabilitation or protection of the minor. In order to make such a commitment the court must, however, find that the commitment is in the best interest of the minor. The provisions of this subdivision may not be utilized more than twice during the time the minor is a ward of the court.

"(c) Upon the filing of a supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice of it to be served upon the persons and in the manner prescribed by Sections 658 and 660.

"(d) An order for the detention of the minor pending adjudication of the petition may be made only after a hearing is conducted pursuant to Article 15 (commencing with Section 625) of this chapter.

"(e) The filing of a supplemental petition and the hearing thereon shall not be required for the commitment of a minor to a county institution for a period of 30 days or less pursuant to an original or a previous order imposing a specified time in custody and staying the enforcement of the order subject to subsequent violation of a condition or conditions of probation, provided that in order to make the commitment, the court finds at a hearing that the minor has violated a condition of probation."

In *In re Ronald E., supra,* 19 Cal.3d at page 326, our Supreme Court described the nature and purpose of a supplemental petition as this: "Supplemental petitions are authorized in juvenile proceedings by section 777, which provides in part that 'an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after noticed hearing upon a supplemental petition.' The supplemental petition procedure is designed for situations where it is necessary to substitute a more restrictive placement because the original disposition by the juvenile court 'has not been effective in the rehabilitation or protection of the minor.' (§ 777, subd. (a).) Typically, a section 777 supplemental petition will be required to move a minor from a foster home or juvenile hall to the custody of the Youth Authority. [Citations omitted.] Since this modification results in a greater intrusion on the minor's liberty, a section 777 petition must contain a statement of the facts which it is alleged demonstrate a need for Youth Authority placement [citation omitted] and can only be sustained after notice and hearing." (See also Thompson, Cal. Juvenile Court Deskbook, *supra,* Supplemental Hearing, § 11.3, pp. 221-222.)

What constitutes a showing that the previous disposition "has not been effective in the rehabilitation or protection of the minor" was explained in *In re Donna G.* (1970) 6 Cal.App.3d 890 [86 Cal.Rptr. 421]. The court there held that "[t]he material fact is not that the minor may, on some one occasion, have deviated from the paths of rectitude, but that such deviation exemplifies such a complete failure by the parents to achieve rehabilitation as to compel the conclusion that further efforts by them will be unavailing." (*Id.,* at p. 895.) This standard was reiterated in *In re Denise C.* (1975) 45 Cal.App.3d 761, 767 [119 Cal.Rptr. 735], and applied to a nonparental disposition, i.e., the disposition under consideration in that case was not parental custody but was placement in a group home. That portion of the opinion in *In re Denise C., supra,* explaining what is required to show ineffectiveness of the previous disposition was cited with approval by the California Supreme Court in *In re Michael B.* (1980) 28 Cal.3d 548, 552-553 [169 Cal.Rptr. 723, 620 P.2d 173].

As the Supreme Court has pointed out, the purpose underlying a section 777, subdivision (a), petition is the placement of a minor in a more restrictive level of confinement upon the juvenile court's determination that the current disposition has been a complete failure in rehabilitating the minor. (1 Cal. Juvenile Court Practice (Cont.Ed.Bar 1986 supp.) Review Proceedings in a Juvenile Court, § 11.45, p. 129.) This is consistent with "the statutory scheme guiding the superior court in its treatment of juvenile offenders '"contemplat[ing] a progressively restrictive and punitive series of disposition orders in cases such as that now before us—namely, home placement under supervision, foster home placement, placement in a local treatment

facility and, as a last resort, Youth Authority placement.'"' [Citations omitted.]" (*In re Ricky H.* (1981) 30 Cal.3d 176, 183 [178 Cal.Rptr. 324, 636 P.2d 13]; see also *In re Arthur N.* (1976) 16 Cal.3d 226, 237 [127 Cal.Rptr. 641, 545 P.2d 1345].) It is also consistent with rule 1391(b), which provided at the time of the instant hearings:

"(b) A supplemental petition shall be used:

"(1) Whenever the petitioner concludes that a previous disposition has not been effective in the rehabilitation or protection of a minor adjudged to be a ward or dependent child of the court and seeks a more restrictive level of physical custody. For purposes of this chapter, a more restrictive level of physical custody shall be considered to be, in ascending order, as follows:

"(a) Placement in the home of the person entitled to legal custody;

"(b) Placement in the home of a relative or friend;

"(c) Placement in a foster home;

"(d) Commitment to a private institution;

"(e) Commitment to a county institution;

"(f) Commitment to the Youth Authority.

". . . . . . . . . . . . . . . . . . . . . . . . . . ."

Rounding out these policy considerations are the additions to section 777 of subdivision (b) in 1979 and subdivision (e) in 1981. There is, of course, a broad spectrum of conduct on the part of a minor which indicates the existing disposition is not serving a rehabilitative purpose. Such conduct ranges from behavior which would be deemed criminal if committed by an adult, such as robbery or assault, to conduct which is only wrongful because the juvenile court has instructed the minor not to engage in it, usually as a condition of probation. While conduct otherwise criminal raises few problems with respect to increasing the restrictive level of confinement, lesser conduct may not convince the juvenile court that the existing disposition is such a complete failure that future efforts would be unavailing. However, the juvenile court may still desire to reemphasize to the minor the seriousness of his wardship and the overriding need to comply with probation conditions.

Thus Assembly Bill No. 1628, introduced in the 1979 Regular Session of the Legislature, proposed the addition of subdivision (b) to section 777

as a middle ground between the two extremes then available to a juvenile court confronted with a minor on a supplemental petition for a violation of a condition of probation. The enrolled report on Assembly Bill No. 1628 prepared by the Legal Affairs Department of the Governor's office states in part: "Under § 777 a supplemental petition shall be granted when the court finds that the previous disposition has not been effective in the rehabilitation or protection of the minor. Once granted, the court can then remove the minor from his home and place him in a foster home or commit the minor to a county institution or to the Youth Authority.

"Oftentimes in juvenile court cases a judge is reluctant to initially impose time in a juvenile facility as a condition of probation. However, when juveniles violate a condition of probation, the judge may feel that time in custody is warranted. Establishing that the previous order of probation is ineffective as required by the *Glenn* case [*In re Glenn K.* (1977) 74 Cal.App.3d 342 [141 Cal.Rptr. 486]] and § 777, imposes an onerous and .unnecessary burden upon the courts and prosecutors.

"AB 1628 addresses this problem by amending Section 777 to provide that a supplemental petition may be filed alleging violation of a condition of probation and commitment of the minor to a juvenile institution for a period of 15 days or less. In order to make such a commitment the court must find that such commitment is in the best interest of the minor. The court need not find that the previous disposition has not been effective." The problem or deficiency under existing law which Assembly Bill No. 1628 proposed to remedy was defined by the Senate Committee on Judiciary as follows: "Presently, if a minor who is a ward of the court fails on probation, there is no middle course to correct the minor's conduct—either nothing is done or it must be shown that probation has *completely* failed, at which time the minor may be sent to CYA or other long term placement. This measure allows the court to hold for up to 15 days if there is a violation of a *condition* of probation—a middle course between the two present alternatives."

While exercise of the middle option available under section 777, subdivision (b) still necessitates the filing of a petition, subdivision (e), added by Statutes of 1981, chapter 1142, section 9, dispenses with the need for a supplemental petition when the original disposition imposed a specified time in custody but stayed enforcement subject to satisfactory probation. Under subdivision (e), once the court finds that a minor has violated a condition of probation, the court may commit the minor to a county institution for up to 30 days if such time was originally imposed but stayed at the initial disposition. ·(*In re Ricardo M.* (1975) 52 Cal.App.3d 744 [125 Cal.Rptr. 291].)

We will consider appellant's specific contentions in light of this discussion.

A. *Finding of rehabilitative ineffectiveness at the conclusion of the jurisdictional hearing.*

█ Relying upon rule 1392(d)(1)(B), appellant argues that the juvenile court failed to find at the conclusion of the jurisdictional hearing on September 30, 1985, that the prior disposition had not been effective in rehabilitating him and that this error of the trial court requires reversal.

Rule 1392(d) provided at the time of the instant hearings:

"(d) The hearing on a supplemental petition shall be conducted as follows:

"(1) The procedures relating to jurisdiction hearings prescribed in Chapter 7 (commencing with rule 1351) shall apply to the determination of the allegations of the supplemental petition. At the conclusion of the hearing on the supplemental petition, the court shall make findings that:

"(A) The factual allegations of the supplemental petition are, or are not, true; and

"(B) The allegation that the previous disposition has not been effective in the rehabilitation or protection of the minor is, or is not, true; or that commitment to a county juvenile institution for a period of 15 days or less is in the best interest of the minor.

"(2) The procedures relating to disposition hearings prescribed in Chapter 8 (commencing with rule 1371) shall apply to the determination of disposition on a supplemental petition."

The quoted rule makes clear that a bifurcated hearing is required. The first part of the hearing, equivalent to the jurisdictional hearing in an original juvenile proceeding focuses on the truth of the factual allegation(s) in the supplemental petition and the truth of the allegation that the existing disposition is ineffective in rehabilitating the minor. Only after both of these findings have been made does the court proceed to the second part of the hearing, equivalent to the dispositional hearing in the original proceeding.

The propriety of this bifurcated procedure was recognized by this court in *In re Francis W.* (1974) 42 Cal.App.3d 892, 897-898 [117 Cal.Rptr. 277], and was expressly approved by the California Supreme Court in *In re Arthur N., supra,* 16 Cal.3d 226. █ In holding that the consequences flowing from the sustaining of a supplemental petition were severe enough to require application of proof beyond a reasonable doubt as the standard

of proof, the Supreme Court there stated in part: "The reality of the supplemental petition process under our Juvenile Court Law is that the hearing on the petition is preliminarily an adjudicatory hearing; that the purpose may be to prove that the juvenile has committed a crime; and that if the charged acts of misconduct or crimes are proved the juvenile may be removed from his parents' custody and may as a result of this adjudication, either presently or in the future, be institutionalized locally or committed to the Youth Authority. This reality compels the conclusion that the hearing cannot be equated either to a dispositional hearing or to a probation revocation hearing. The due process clause of the Fourteenth Amendment to the United States Constitution therefore requires that the standard of proof of the charged acts of misconduct or crimes be proof beyond a reasonable doubt. We thus agree with the Court of Appeal in *In re Francis W.* (1974) 42 Cal.App.3d 892, 898 . . ., that there is 'no basis in reason to distinguish between an original and a supplementary proceeding' and with its conclusion that when a supplemental petition charges acts of misconduct or crimes which may lead to substantially more restrictive punishment or custody the bifurcated hearing procedure established for original proceedings by sections 701 and 702 should be utilized and the juvenile accorded the same constitutional and statutory rights that he has on an original petition." (*Id.*, at p. 240.)

Respondent has argued that the last sentence of rule 1392(d)(1), i.e., "[a]t the conclusion of the *hearing on the supplemental petition*, the court shall make findings . . ." (italics added), indicates that the finding of ineffectiveness may be made at any time prior to the conclusion of both aspects of the hearing procedure. Thus, respondent asserts the trial court's finding at the conclusion of the dispositional hearing that "the previous orders of the Court have not been effective in [the minor's] rehabilitation," satisfies the requirement of rule 1392(d)(1)(B). Although the rule is ambiguous, we believe *all* of the provisions of rule 1392(d)(1) apply to the jurisdictional hearing, notwithstanding use of the phrase "hearing on the supplemental petition," while the dispositional portion of the hearing is treated separately in rule 1392(d)(2).

As pointed out in 1 California Juvenile Court Practice, *supra,* Review Proceedings in Juvenile Court, section 11.45, page 353: "The hearing must be bifurcated: The first part, similar to the jurisdictional hearing, applies to the determination of the allegations in the supplemental petition; the second part, similar to the dispositional hearing, applies to the determination of disposition. The attorney should insist on a finding by the court concerning the failure of the previous disposition at the close of the first part of the hearing unless the petition is based on § 777 [,subd.] (b) . . . . The juvenile court must find complete failure, or lack thereof, at the first part of the

hearing before proceeding to disposition. Cal Rules of Ct 1392(d)." Since a finding that the prior disposition has not been effective in rehabilitating the minor is the jurisdictional fact upon which a proceeding under section 777, subdivision (a), is based, it is self-evident this jurisdictional fact must be established prior to the dispositional hearing. Therefore the trial court's finding of ineffectiveness at the close of the dispositional hearing did not satisfy rule 1392(d) and the case law on which it rests.

Appellant points out that it is now well established "before a prior commitment order may be modified, an *express* finding by the court must be made that the previous disposition has not been effective in the rehabilitation of the minor. [Citation omitted.]" (See this ct's. opn. in *In re Reynaldo R.* (1978) 86 Cal.App.3d 250, 255 [150 Cal.Rptr. 71]; see also *In re Michael B., supra,* 28 Cal.3d 548, 552-553; *In re Ruben A.* (1981) 121 Cal.App.3d 671, 674 [175 Cal.Rptr. 649].) Appellant is not satisfied the trial court's finding at the conclusion of the jurisdictional hearing that the allegations of the petition were true, which included an allegation that the prior disposition had been ineffective in rehabilitating him, suffices. The meaning of the term "the previous disposition has not been effective in the rehabilitation . . . of the minor" encompasses a determination that the previous disposition has been such a complete failure that any further effort at that dispositional level would be unavailing. Since the petition alleges only the conclusionary statement that the prior disposition has not been effective in rehabilitating the minor, a finding by the juvenile court that "the allegations of the petition are true" is arguably inadequate.

However, the test to be applied originally appeared in *In re Donna G., supra,* 6 Cal.App.3d 890 some 10 years before adoption of rule 1392. Thus, it must be assumed that the use of the conclusionary phrase in the rule was intended to encompass the test set forth in *In re Donna G., supra.* Since this court's determination that an express finding was required *In re Reynaldo R., supra,* 86 Cal.App.3d 250) also predates adoption of the rule, it must be further assumed that the finding required by rule 1392(d)(1)(B) is intended to constitute an express finding that the previous disposition has so completely failed to rehabilitate the minor that further efforts would be unavailing, thus enabling the juvenile court to impose a more restrictive level of confinement. Absent these assumptions, the specific language of the rule would constitute a trap for juvenile court referees and judges, i.e., if the finding specifically articulated by a rule of court were not adequate to satisfy the decisional law, adherence to the approved rules of court would be meaningless.

We therefore conclude that respondent is correct in arguing that the juvenile court's finding at the conclusion of the September 30 jurisdictional

hearing—that the allegations of the supplemental petition of August 23, 1985, were true—was adequate to satisfy the requirement of rule 1392(d)(1)(B).

B. *Reading the probation report before making the necessary jurisdictional findings.*

■ Appellant also contends the trial court committed prejudicial error in reading the probation report before making its finding that the prior disposition had been ineffective in his rehabilitation. His contention rests upon our Supreme Court's holding in *In re Gladys R.* (1970) 1 Cal.3d 855 [83 Cal.Rptr. 671, 464 P.2d 127] *but* presupposes that the trial court did not make the requisite jurisdictional findings at the conclusion of the September 30 hearing. Our conclusion to the contrary on the latter issue requires us to reject appellant's contention.

Appellant correctly points out that in *In re Gladys R.* the Supreme Court held a judge may not read a social report prepared in a juvenile case before the jurisdictional hearing. (*Id.,* at pp. 860-861; see also *Donald L. v. Superior Court* (1972) 7 Cal.3d 592, 597-598 [102 Cal.Rptr. 850, 498 P.2d 1098].) This principle is also recognized in rule 1355(d), which provides, "Except as otherwise provided by law, the court shall not read or consider any portion of the probation report prior to or during a contested jurisdiction hearing. If, however, a judge or referee has read a probation report in connection with other prior petitions, he shall not thereby be disqualified."

Here, the probation report prepared in connection with the supplemental petition was not filed until October 11, 1985, well after the juvenile court had made the requisite finding that the prior disposition had failed to rehabilitate appellant. The fact that the juvenile court judge reiterated this finding at the conclusion of the dispositional hearing, after he had properly reviewed the probation report, is not error.

C. *Sufficiency of the evidence to support the jurisdictional finding.*

■ Appellant contends petitioner below failed to present sufficient evidence to sustain the juvenile court's finding that the prior disposition had been ineffective in his rehabilitation.

The only facts alleged in the petition to support this finding are: (1) that appellant failed to complete 80 hours in the juvenile court work program within the time ordered by the juvenile court, and (2) that appellant had failed to attend the theft awareness seminar as ordered by the juvenile court. Both failings were violations of conditions of probation imposed on May

31, 1985. ██ While it is clear that the standard of proof is beyond a reasonable doubt (*In re Arthur N., supra*, 16 Cal.3d at p. 240), the reviewing court applies the traditional standard of assessing whether substantial evidence supports the determination of the trier of fact. (See this court's opinion in *In re Frederick G.* (1979) 96 Cal.App.3d 353, 362-366 [157 Cal.Rptr. 769].)

██ In assessing the sufficiency of the factual allegations in the instant case, there is no dispute in the record as to appellant's failings—he acknowledged he violated his probation in completing only 44 of the required 80 hours in the juvenile court work program and in failing altogether to attend the theft awareness seminar. Both requirements had been imposed as conditions of appellant's probation when the original petition under section 602 was sustained. The original petition found true two counts of petty theft, one count involving a dog collar and the other count involving two candy bars. Keeping the underlying offense in mind, the precise question raised by appellant's challenge to the sufficiency of the evidence is whether his completion of only 44 of the 80 required work hours and his failure to attend the theft awareness seminar (both of which derelictions appellant explained were caused by transportation difficulties) were sufficient to show that appellant's probation in his mother's custody had completely failed to rehabilitate him such that any further effort at rehabilitation in that setting would be futile. As discussed above, sustaining a supplemental petition brought under section 777, subdivision (a), is warranted only when the trial court believes that a more restrictive level of confinement is necessary for the minor's rehabilitation.

The behavior underlying the factual allegations in the instant case was not criminal behavior; it was merely behavior inconsistent with conditions of probation imposed by the juvenile court. Although appellant obviously showed poor judgment by waiting until three weeks before August 1 to begin putting in his required 80 hours in the work program, and while he probably should have made more reliable arrangements to get to the theft awareness seminar, these violations of probation do not exemplify such a complete failure of the existing disposition that it would be unavailing to try anything further at that level of restriction. Appellant had completed more than half of the requisite hours and, significantly, asked the court at the dispositional hearing, after a two-week confinement in juvenile hall, to increase the hours if necessary to permit him to remedy the dereliction. Appellant claimed he had come to his senses in juvenile hall, and this seems precisely the kind of enlightenment that the Legislature was hoping for in providing an alternative to the all-or-nothing options in a supplemental petition when it added subdivision (b) to section 777 as a remedy for technical violations of probation. The instances of shoplifting underlying the original

petition were apparently appellant's first involvement with the juvenile court. This justifies concern that the juvenile court's approach that, as a matter of policy, a minor gets one chance and one chance only in the juvenile court work program falls short of the particularized consideration which underlies the entire juvenile court system.

We conclude that appellant's failure to complete 80 hours on the work program and his failure to attend the theft awareness seminar do not manifest such a complete failure of the existing dispositional order that future efforts would be unavailing. The evidence was therefore insufficient to sustain the juvenile court's jurisdictional finding.

The jurisdictional and dispositional orders are reversed.

Hanson (P. D.), Acting P. J., and Woolpert, J., concurred.