Opinion
 

 KINGSLEY, J.
 

 The minor was charged with being a person coming under section 602 of the Welfare and Institutions Code in that he had
 
 *364
 
 committed: (1) robbery, in violation of section 211 of the Penal Code; (2) burglary, in violation of section 459 of the Penal Code; and (3) attempted burglary, in violation of sections 664 and 459 of the Penal Code. After having been given his
 
 Miranda
 
 warnings, he admitted the offenses as charged. After an adjudication hearing and dispositional hearing before a referee of the juvenile court, he was adjudged a ward of the court and ordered committed to the Youth Authority for not to exceed a total of four years. A petition for rehearing was made and denied. He has appealed; we affirm.
 

 On this appeal the minor does not contend that the record does not support the adjudication of wardship nor the Youth Authority commitment. He contends only: (1) that it was unconstitutional to deny his request for an adjudication hearing before a judge;
 
 [1]
 
 and (2) that the maximum term fixed by the court, being for the period prescribed in the Penal Code as the higher term for the offenses involved, denied him the equal protection of the law. We reject both contentions.
 

 I
 

 The argument for the first contention is based on the following theory: Since the Supreme Court, in
 
 Jesse W.
 
 v.
 
 Superior Court
 
 (1978) 20 Cal.3d 893 [145 Cal.Rptr. 1, 576 P.2d 963], which held that a referee’s finding of not guilty at an adjudication hearing barred, on the ground of double jeopardy, an attempt to file a second petition for the same offense, said, by way of dicta, in footnote 5 on page 899: “5 Because a referee’s determination favorable to a juvenile cannot be reheard, it is not merely a subordinate judicial act and is constitutionally proscribed. (See
 
 In re Edgar M., supra,
 
 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406].) While neither that constitutional proscription nor jeopardy limitations would foreclose referee jurisdictional recommendations adverse to a juvenile and subject to petition for rehearing by the juvenile, it is nevertheless apparent a referee’s usefulness in hearing the jurisdictional issue will be severely limited. We do not purport to define those limits. However, juvenile court referees may continue to hear and to make advisoiy recommendations as to detention, fitness, dispositional and perhaps other matters without offending constitutional limitations.” it is equally unconstitutional to hold any adjudication hearing before a referee.
 

 
 *365
 
 That contention fails: the contention is fallacious in the light of
 
 In re Edgar M.
 
 (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406],
 

 In
 
 Edgar M.,
 
 the Supreme Court held that, because of the state constitutional limitations on the powers of a referee, except in cases where the minor fails to request a rehearing, the adjudication and disposition of a minor can only be by virtue of an order of a judge of the superior court acting on a petition for rehearing. It is that order that constitutes the holding that a minor is to be a ward of the court and committed to the Youth Authority; it is from that order that the appeal in this case lies. That order is based on a record before, and passed on by, the judge. In this, as in all similar cases, the ultimate and determinative hearing is by a judge.
 

 . Defense counsel appear to see some constitutional objection in the fact that, in cases such as the one now before us, where the proceedings before a referee are reported and the judge, under section 252 of the Welfare and Institutions Code, acts on a petition for rehearing solely on that transcript, the judge, not seeing or hearing the witnesses, has a limited opportunity to make an independent judgment on credibility. That contention is without merit. In passing on a petition for rehearing, the judge must, necessarily, be alert to weaknesses and inconsistencies in the testimony; unless he feels that a personal examination of witnesses would be of no value, he should, and will, grant the de novo hearing for which the code provides.
 

 II
 

 Section 726 of the Welfare and Institutions Code requires a juvenile court to determine the maximum time of confinement by the Youth Authority at the higher term fixed by the Penal Code in cases of an adult charged with the same offense. It is contended that that provision violates the law requiring equal protection between minors and adults. That issue is now before the Supreme Court; however, we need not decide it on this appeal. (2) Unlike the cases of an adult, where the trial court’s fixing of a term is itself determinative, an order made under section 726 is not the determinative order in the case of a minor. It is for the Youth Authority, after observation of a minor committed to it, to fix the actual term of his incarceration. That determination, while it cannot exceed the term fixed by the juvenile court, may—and in many cases will—result in fixing an actual term at less than the maximum set forth in the section 726
 
 *366
 
 order. If, in the future, the Youth Authority should fix a term longer than is constitutionally permissible, the minor’s remedy will be by way of habeas corpus.
 

 The order appealed from is affirmed.
 

 Files, P. J., and Alarcon, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied August 15, 1979.
 

 [1]
 

 We have augmented the record in this case to include the superior court file. It substantiates the minor’s contention that he sought, before the referee, both a jury trial and a hearing before a judge and that both requests were denied. No contention is here made over the denial of a jury trial.