[Crim. No. 34357. Second Dist., Div. One. Sept. 5, 1979.]

In re RUBEN M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RUBEN M., Defendant and Appellant.

[Crim. No. 35027. Second Dist., Div. One. Sept. 5, 1979.]

In re RUBEN M., a Minor, on Habeas Corpus.

692

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Donald L. A. Kerson, Deputy State Public Defender, and Stanley Avram Goldman, Acting Deputy State Public Defender, for Defendant and Appellant and Petitioner.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Roy C. Preminger and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**ACKERMAN, J.*—**Ruben M., a minor, appeals from the order of adjudication sustaining the petition, declaring him to be a ward of the court and committing the minor to the California Youth Authority for a period not to exceed 34 months. The order placing the minor in the Youth Authority is based upon a current charge of malicious mischief (Pen. Code, § 594) together with three previously adjudicated charges of burglary (Pen. Code, § 459).

The minor has contemporaneously filed a petition for writ of habeas corpus, seeking his immediate release. Since the bases for the petition are the same grounds contained in the appeal, the two have been ordered to be considered concurrently and dealt with as one for the purpose of this opinion.

### The Prior Status of the Minor

For the purpose of this appeal, it is not contested that the minor has on three prior occasions violated section 459, Penal Code, burglary, for which a petition was sustained and the minor made a ward of the court. Two of the burglaries were misdemeanors and one a felony. In that prior case the minor was made a ward of the court and placed on probation under the camp-community placement program.

---

*Assigned by the Chairperson of the Judicial Council.

## *Present Offense and Commitment*

On September 7, 1978, a petition was filed wherein the minor was alleged to have committed a violation of section 594, Penal Code, malicious mischief in three counts; after hearing Referee Axel (judge pro tem.) sustained the petition as to count 1 and dismissed the two other counts.

A disposition hearing was scheduled and a probation report was prepared. On October 11, 1978, a disposition hearing was held. Referee Shumsky determined that the minor be committed to the California Youth Authority for a period not to exceed five and one-half years, computed as follows: "3 years (459 P.C.), 1 year (459 P.C.), 1 year (459 P.C.), 594 P.C. (6 mos.), total 5½ yrs." On November 21, 1978, a hearing was held at which time Referee Axel again determined the maximum term to be 5½ years with credit for 606 days previously served in camp custody.

An application for rehearing was made relative to the disposition only and the request for rehearing was granted. On January 2, 1979, Judge Lopez determined that the commitment to California Youth Authority should stand, but that the period of confinement was not to exceed 34 months, computed as follows: 2 years for the 459 Penal Code felony, 4 months on each 459 Penal Code misdemeanor, and 2 months for the 594 Penal Code misdemeanor malicious mischief with credit for 606 days for "time served."

I

Appellant contends: Absent a hearing under Welfare and Institutions Code section 777 and a finding that minor is in violation of probation, his prior sustained petitions may not be used to increase the maximum period of confinement of his present offense.[1]

---

[1]Section 777 of the Welfare and Institutions Code provides: "An order changing or modifying a previous order by removing a minor from the physical custody of a parent, guardian, relative or friend and directing placement in a foster home, or commitment to a private institution or commitment to a county institution, or an order changing or modifying a previous order by directing commitment to the Youth Authority shall be made only after notice hearing upon a supplemental petition.

"(a) The supplemental petition shall be filed by the probation officer, where a minor has been declared a ward of the court under Section 601, and by the prosecuting attorney at the request of the probation officer where a minor has been declared a ward under Section 602, in the original matter and shall contain a concise statement of facts sufficient

■ It is settled law, absent a new petition under section 602 Welfare and Institutions Code, in order to change or modify a prior commitment a petition must be filed under section 777 Welfare and Institutions Code. Notice must be given the minor of the intended change and facts alleged sufficient to support the conclusion that the previous placement has not been effective in the minor's rehabilitation (*In re Arthur N.* (1976) 16 Cal.3d 226 [127 Cal.Rptr. 641, 545 P.2d 1345], and cases cited in *In re Reynaldo R.* (1978) 86 Cal.App.3d 250 at p. 254 [150 Cal.Rptr. 71]; Welf. & Inst. Code, § 777.)

■ It is also settled law that in the disposition hearing after a new petition has been sustained under section 602 the court may "consider" all of the prior record in determining the proper disposition. (*In re Reynaldo R., supra,* 86 Cal.App.3d at p. 256.) ■ The distinction sought to be made by appellant is although the court may "consider" all of the prior record in making a disposition of the new case the court may not include the prior adjudicated case in determining the maximum term in the new commitment to the California Youth Authority without instituting a new petition under section 777 Welfare and Institutions Code, and holding a separate hearing.

The question posed is whether when a new 602 petition is sustained the court may include all of the prior cases for which the minor is presently on probation in determining the maximum period of confinement without initiating separate proceedings under section 777 Welfare and Institutions Code.

*In re Richard W.* (1979) 91 Cal.App.3d 960 [155 Cal.Rptr. 11], while acknowledging that the prior cases may be considered in the disposition of the new case, held absent the filing of a formal supplement petition under section 777 the prior adjudicated cases may not be included to aggregate the terms nor to fix the maximum period of confinement.

*In re Robert W.* (1979) 92 Cal.App.3d 355 [154 Cal.Rptr. 832], a case similar to the instant case, discussed the requirements of notice and

to support the conclusion that the previous disposition has not been effective in the rehabilitation or protection of the minor."

"(b) Upon the filing of such supplemental petition, the clerk of the juvenile court shall immediately set the same for hearing within 30 days, and the probation officer shall cause notice thereof to be served upon the persons and in the manner prescribed by Sections 658 and 660.

"(c) An order for the detention of the minor pending adjudication of the petition may be made only after a hearing is conducted pursuant to Article 15 (commencing with Section 625) of this chapter."

hearing, but did not mention a separate petition or hearing under section 777. We may only assume section 777 was not raised as an issue before the court.

In determining the proper application of the two sections, 602 and 777, every effort must be made to harmonize the two so as to carry out the legislative purpose. Consideration should be given to avoiding conflicts, to avoid inconsistent results, to protect the minor's rights, and to avoid unnecessary duplication of court procedures.

As stated in *Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640 at page 645 [335 P.2d 672]: "The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citations.]"

Further, "Statutes should be interpreted so as to achieve a result that is reasonable and comports with the apparent purpose and intent of the Legislature. [Citation.] '[W]here uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation [citations]; its apparent purpose will not be sacrificed to a literal construction [citations]: . . .' [Citation.] A practical construction is preferred to one that is technical and is required when the latter would lead to mischief or absurdity. [Citations.]" (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244 at p. 253 [127 Cal.Rptr. 532].)

In the case of *In re John G.* (1977) 72 Cal.App.3d 242 [139 Cal.Rptr. 849], the court reviewed the legislative purposes of section 777 Welfare and Institutions Code and found that purpose stated in the report of the Special Study Commission on Juvenile Justice at page 245: " 'RECOMMENDATION No. 14 [¶] Require the filing of a new petition and a full-scale hearing if a juvenile court ward's original treatment disposition is to be modified by further restricting his freedom as a result of a new delinquent act. If such action is contemplated because the minor fails to respond to the original treatment disposition *rather than because of a new offense,* provide that a supplemental petition may be the basis for the court hearing.' (Italics added.)"

The court in *In re John G., supra,* 72 Cal.App.3d at page 245, concluded: "[T]hat the purposes of section 777 did not contemplate that

that section must, necessarily, be utilized in cases such as the one at bench where a different and more onerous disposition is to be based on a new criminal offense. [Citation.]" Further, the court noted, at page 246: "[B]y using a petition under section 602, only the latest new criminal offense must be pleaded, and other elements going to disposition appear, after the adjudication hearing, in the 'social study' provided for in section 702 and in any evidence introduced at the disposition hearing." It is true that the case of *In re John G., supra,* did not deal directly with the question of aggregating the time of the old cases and the new case in the disposition of the new case, the conclusion that it may be done follows logically and as a matter of law from the fact that a more onerous disposition may be made as a result of considering all of the minor's prior record. ■ Our conclusion follows that when a new section 602 petition is filed no additional petition under section 777 is required in order to include the prior cases in the (aggregate) maximum term of commitment.

■ Assuming that a petition under section 777 was required we conclude that under the circumstances of this case appellant received all the protections that a hearing under section 777 would have accorded and no prejudicial error nor miscarriage of justice resulted. (Art. VI, § 13, Cal. Const.)

Requiring a new proceeding under section 777 would be needless duplication of effort and time. The probation report, such as here, contains a full and complete recitation of the prior cases and their status. The report recites at length the minor's conduct under supervision and whether it has proven effective in the rehabilitation of the minor, which is exactly the same factor which a petition under section 777 of the Welfare and Institutions Code is premised upon. The probation report gives notice based upon the minor's past cases, conduct under supervision and the new case that a new commitment is recommended and the reasons the new commitment would be in the minor's best interest. Thus, the minor and his counsel have all of the notice of the facts of the present and past cases and the possible consequences that would be contained in a new petition under section 777.

Certainly one of the considerations in the disposition hearing in the new case is whether the prior camp-community program has proven effective or has failed to rehabilitate the minor. The probation officer must consider the type of commitment and the probable length thereof in making a realistic recommendation to the court. In making its determina-

tion as to what would be the proper disposition the court must consider the effectiveness of any prior programs and whether a new and different approach is called for. If a new disposition is to be made the court must evaluate it upon the basis of the place and length of commitment to determine its probable effectiveness.

Once a new petition was sustained and a disposition determined to place the minor in the California Youth Authority the prior camp-community program was effectively terminated. At this point consolidation of the prior probation case with the new case appears to follow as a logical necessity.

In this case, a disposition hearing was had in which witnesses were called, including relatives of the minor. The recommendation and alternatives were fully considered and counsel made a determined effort on behalf of the minor. At the conclusion of the disposition hearing counsel for the minor did object to considering the prior case at the disposition hearing in the new case because of lack of notice and opportunity to review the file.[2] A continuance was requested and granted and a new hearing had on November 7. At the November 7 hearing counsel did not object to lack of notice, rather he premised his argument on lack of advisement as to consequences in the prior cases. After the November 7th hearing an application for rehearing before the superior court judge was requested and a rehearing granted.[3]

At the rehearing no mention of a separate proceeding under section 777 was made or requested. Nor did counsel for the minor complain of lack of notice of the intention to include the prior cases in determining the total length of commitment. Counsel did repeat the contention that the minor was not advised in the prior cases of the consequences of his admission to the allegations in the petition. What counsel contended is that when the minor admitted the allegations in the prior petition he was not advised that on some later date if he committed a new offense he could be confined in the California Youth Authority for not only the new offense but also for the older, but still pending, cases. This is not an argument against the propriety of holding only one disposition hearing

---

[2]The same notice and hearing requirements apply to both sections 602 and 777 petitions. (See Welf. & Inst. Code, §§ 658, 660, 700.)

[3]Appellant set forth as one of the reasons for rehearing the following: "(3) Referee Axel gave Ruben time for offenses which he admitted without being aware of the consequences of those admissions and in particular, of the consequences that those admissions could be used to later 'stack' time against him. See *In re Gary O.,* 84·C.3d 38 (1978) and *In re Tahl,* 1 Cal.3d 122 (1969)."

under the new section 602 petition, but an attempted attack on the earlier petition. The contention, even if legally arguable, was not followed by any proof thereof. In any event, appellant makes no contention in this appeal of that matter as a ground for review. Neither does appellant advance any contention in this appeal that there was a lack of notice nor opportunity to be heard.

The only contention that appellant makes in this appeal is that there is required a hearing under section 777 in order to include prior cases in the total determination of the maximum period of confinement. The appellant does not argue that there was any prejudice insofar as the proceedings that were followed and we are convinced that none appears and that even if a hearing under section 777 was had the results would have been the same. What did happen in the rehearing was the juvenile judge reduced the previously determined term set by the judge pro tem from five and one-half years to thirty-four months as the maximum term of commitment to the California Youth Authority.

To require two hearings would be more than a duplication of effort; it could lead to confusion or even inconsistent results. If two different hearings were required the first court would not know what disposition to make, regardless of which hearing the section 602 or section 777 took place first, until the other was determined. Further, the determination of a base term to aggregate the result of all the cases might have to await a third hearing. Rather than promote the minor's best interest the minor would be left in confusion if not distrustful of this circuitous process. To think of asking the minor's relatives to return for a second time to give the same testimony would be, itself, a needless imposition.

Under the circumstances herein proceeding under section 602 alone protected all of the minor's rights and accomplished exactly the same result as if a petition under section 777 had been filed.

In the instant case, all the protections of notice, opportunity for hearing, and presentation of evidence are present that would be present in a petition under section 777. The new violation of law found in the section 602 hearing perforce constituted a violation of the prior probation. The minor was to be committed to California Youth Authority under the new section 602 petition and that effectively terminated the prior camp-community program. The cause was heard and reheard and the minor received a reduced maximum term. The minor was accorded all of his rights and no error occurred.

## II

Appellant contends: The enhancing of appellant's maximum period of confinement based on prior sustained petitions is a violation of equal protection of the law.

Appellant asserts: "If Ruben were an adult his prior burglary convictions could in no way enhance this maximum period of confinement." Appellant means the six months provided for the violation of section 594 (malicious mischief), a misdemeanor.

Appellant confuses an "enhancement" as conceived in the determinate sentence law (Pen. Code, § 1170 et seq.), which is a prior conviction, with a case in which the defendant is presently on probation and after violation thereof, sentence is to be imposed thereon.

It is true that anyone (adult or minor) who violates section 594 may not be incarcerated for more than six months if that is the only charge pending before the court. Here, appellant is also on probation for three violations of section 459 Penal Code (burglary); one a felony and two misdemeanors.

Appellant's reliance on *People* v. *Olivas* (1976) 17 Cal.3d 236 at page 251 [131 Cal.Rptr. 55, 551 P.2d 375], is inapposite to the present circumstances. In the *Olivas* case, the only charge pending against the minor was a violation of section 240 Penal Code, a misdemeanor assault.

Because a minor may be incarcerated in the California Youth Authority for either a felony or a misdemeanor the Legislature in order to provide a method of determination of the maximum period of confinement that would fit within the procedures and place of confinement peculiar to the juvenile law, amended section 726 of the Welfare and Institutions Code. Section 726 Welfare and Institutions Code, as amended, is an attempt to make the scheme of commitments of minors consistent with that provided for adults pursuant to section 1170.1 Penal Code, the determinate sentence law. (See *In re Robert S.* (1979) 92 Cal.App.3d 355 at pp. 360-362 [154 Cal.Rptr. 832].)

Appellant points to no mathematical computation that exceeded the statutory maximum that is provided for in section 726 Welfare and Institutions Code as it relates to section 1170.1 of the Penal Code. Appellant's maximum period of confinement is within the statutory

design and no inequality with an adult appears. (See *In re Edward B.* (1979) 94 Cal.App.3d 362 at pp. 365-366 [156 Cal.Rptr. 405].)

### III

Appellant asserts "It is error to enhance a juvenile's maximum period of confinement by more than his single most serious prior sustained petition."

Appellant would confine the commitment to the maximum period for the single most serious offense, to wit, burglary. Under this theory, the maximum term would be two years.

Suffice to say this is not the law. Appellant relies upon the statement in the case of *In re Aaron N.* (1977) 70 Cal.App.3d 931 [139 Cal.Rptr. 258], which stated "the maximum length of physical confinement under sections 726 and 731 may be measured by the most serious criminal offense of which the minor has been found guilty." This statement must be considered in context of the total statutory scheme. As explained in *In re Robert S., supra,* 92 Cal.App.3d 355, at pp. 361-362: "Read in isolation, paragraph five of section 726 appears to support Robert's interpretation. But we are required to construe statutes as a whole, giving full effect to every word and clause, wherever possible. [Citations.] Thus we must consider paragraph five in the context of the entire section of which it is a part. When we do so it is apparent that paragraph five was simply intended to fill the gap created by paragraph three of section 726, which defines 'maximum term of imprisonment' only in terms of the penalties specified for those felony crimes which fall within Penal Code section 1170, subdivision (a)(2); the fifth paragraph of section 726 applies to situations where the duration of physical confinement is wholly or partly based on a crime or crimes other than those within the scope of Penal Code section 1170, subdivision (a)(2). The phrase 'charged offense' described in paragraph five as 'a misdemeanor or a felony not included within the scope of Section 1170 of the Penal Code' refers to 'the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court.' And as we have pointed out, such offense or offenses may include those the subject of previously sustained section 602 petitions."

■ Taken in context the statement means that when the commitment is made based upon several offenses, the most serious offense in terms of

length of confinement may be used as measurement of the basic term and not as the exclusive or total period for which the minor may be committed.

## IV and V

Appellant contends that: (a) he is entitled to credit for predisposition time spent in custody, and (b) to good time-work time credit for time spent in camp confinement.

These contentions are now before the California Supreme Court and there is no need for this court to express any views on that subject here. (See *In re Eric J.* (L.A. 31076)*.)[4] Presumably if such credits are awarded the minor will receive benefit thereof administratively.

## IV

Appellant in his notice of appeal indicated he was appealing from the order of the court sustaining the petition filed on September 7, 1978.

Appellant's brief contains no assertion of insufficiency of the evidence to sustain the petition and we take it to be conceded that there is no merit to that point and that it is abandoned. (*People* v. *Scott* (1944) 24 Cal.2d 774, 783 [151 P.2d 517]; *Blackman* v. *Kristovich* (1963) 216 Cal.App.2d 792 [31 Cal.Rptr. 413].)

Nevertheless we have reviewed the record and find the evidence sufficient to sustain the order. The facts either stipulated to or uncontradicted show that the window of Sam's Liquor Store was broken during the early morning hours of September 6, 1978. Appellant was seen in the general area where the liquor store was located and near where other windows were broken. There were lacerations on appellant's knuckles and fingers. After advisement of rights appellant admitted he had broken

---

[4]Other cases of like interest now pending before the Supreme Court involving adults are *People* v. *Sage* (Crim. 20997)█; *People* v. *Brown* (Crim. 20998)*; *In re Davis* (Crim. 20999)* (Cal.App.)

the window with his fist. There is no merit in appellant's appeal from the order of September 7, 1978.

The order is affirmed; the petition for writ of habeas corpus is denied.

Lillie, Acting P. J., and Hanson, J., concurred.

A petition for a rehearing was denied October 2, 1979, and appellant's petition for a hearing by the Supreme Court was denied November 15, 1979.